LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA WELSH, Esq.
Nevada Bar No. 11320
walshs@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Counsel for Plaintiff, GNLV, Corp.



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Marco Eckstein, an individual,<br><br>Defendant. | Case No.:   2:11-cv-00878-KJD-LRL<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION |

This matter having come before the Honorable Kent Dawson on June 14, 2011, Laraine M.I. Burrell, of the law firm of Greenberg Traurig, LLP, appearing on behalf of Plaintiff GNLV, Corp. ("GNLV" or "Plaintiff") and no appearance being made on behalf of Defendant Marco Eckstein ("Eckstein" or "Defendant"), and good cause appearing therefore, this Court hereby finds and orders as follows:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338;

2. The Court has personal jurisdiction over the Defendant in that the Defendant regularly conducts business in the State of Nevada, and Defendant committed tortious acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada;

LV 419,429,623v1 6-13-11

3. Defendant was served on June 3, 2011 by electronic mail in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure and pursuant to the Order of this Court with the Complaint in this action, Summons, Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction and Temporary Restraining Order entered by this Court on June 1, 2011;

4. Plaintiff filed with the Court on June 10, 2011 a Request for Service on Defendant in a Foreign Country by Registered Mail ("Request"). The Court delivered the Request to the United States Postal Service on June 13, 2011.

5. Plaintiff, in compliance with the Order of this Court, filed a bond in the amount of One Hundred and No/100 Dollars ($100.00) on June 8, 2011.

6. Plaintiff GNLV, Corp., a Nevada corporation with its principal place of business in Las Vegas, Nevada operates the Golden Nugget resort hotel casino in Las Vegas, Nevada. GNLV owns the mark GOLDEN NUGGET (the "GNLV Marks") and has obtained federal registrations for the GNLV Marks for various goods and services, including but not limited to:

(a) GOLDEN NUGGET for casino and bar services (U.S. Reg. No. 1,554,155);

(b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. Reg. No. 1,082,044); and

(c) GOLDEN NUGGET for casino services (U.S. Reg. No. 1,203,988).

7. Defendant Marco Eckstein has used Plaintiff's marks as part of his Internet domain name <www.golden-nugget-jackpot.com> (the "Infringing Domain Name") without Plaintiff's authority or permission;

8. Plaintiff GNLV will suffer irreparable injury if the Court does not require the domain name registrar United-Domains AG ("Registrar") to lock the Infringing Domain Name and transfer it to Plaintiff pending litigation of this matter.

9. Plaintiff has demonstrated likelihood of success on the merits of its mark infringement claims against Defendant under the Lanhan Act, 15 U.S.C. § 1114, and

1 | Nevada law; and

2 |     10.    Plaintiff has demonstrated likelihood of success on the merits of its unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that GNLV's Motion for Preliminary Injunction is hereby GRANTED.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1), the domain name <www.seventysevengoldennuggets.com> shall remain locked by United-Domains AG and/or its successor registrars and in the possession of Plaintiff, as ordered by this Court in the Temporary Restraining Order dated June 1, 2011, throughout the pendency of this litigation;

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Name.

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Plaintiff's name and trademarks and any and all variants thereof, including use of the Infringing Domain Names and any and all variants thereof;

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiff within thirty (30) days after entry of this Order, a report in writing under oath setting in detail the manner and form in which Defendant has complied with this Court's Order; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LV 419,429,623v1 6-13-11

1  IT IS FURTHER ORDERED that the bond posted with this Court in the amount of
2  One Hundred and no/100 Dollars ($100.00) shall be applied to this preliminary injunction.
3  DATED: _14th_ day of June, 2011

_____
UNITED STATES DISTRICT JUDGE

Dated: _____

Respectfully submitted by:

GREENBERG TRAURIG, LLP

_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
Counsel for Plaintiff

LV 419,429,623v1 6-13-11